PER CURIAM.
Michael Everett challenges the trial court’s order which summarily denied his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appel *901 lant, in his motion, sought a belated appeal of his judgments and sentences. The trial court’s order, which denied all appellant’s other claims for relief, did not address this particular claim. We have reviewed this claim pursuant to Florida Rule of Appellate Procedure 9.140(j)[1] and conclude that appellant is entitled to relief. Accordingly, we grant appellant a belated appeal in the lower court cases which were the subject of his motion. Our ruling moots the appeal of the summary denial of appellant’s posteonviction motion.
This opinion shall serve as the notice of appeal for purposes of calculating the time standards of the Florida Rules of Appellate Procedure. The trial court shall determine Everett’s eligibility for appellate counsel within fifteen days from the date of this opinion.
It is so ordered.
DANAHY, A.C.J., and THREADGILL and WHATLEY, JJ., concur.

. Effective January 1, 1997, a criminal defendant seeking a belated appeal based on the failure of trial counsel to timely initiate an appeal must file a petition for belated appeal pursuant to Florida Rule of Appellate Procedure 9.140(j) in the appellate court to which the appeal should have been taken. Prior to January 1, 1997, the procedure for a defendant seeking relief in such a situation was to file a claim of ineffectiveness of trial counsel pursuant to Florida Rule of Criminal Procedure 3.850.